1  Yvonne Arvanitis Fossati (SBN 161764)
   fossatiy@jacksonlewis.com
2  JACKSON LEWIS P.C.
   725 South Figueroa Street, Suite 2500
3  Los Angeles, California 90017-5408
   Telephone: (213) 689-0404
4  Facsimile: (213) 689-0430

5  Attorneys for Defendant
   APPLUS RTD USA SERVICES, INC.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUSTIN NEWBY, an individual,<br><br>       Plaintiff,<br><br>   vs.<br><br>APPLUS RTD USA SERVICES, INC.;<br>and DOES 1 through 100,<br><br>       Defendants. | CASE NO.<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441 (a) and (b) and 1446 (DIVERSITY)**<br><br>[Filed Concurrently with Notice of Interested Parties, Civil Case Cover Sheet, Declarations of Yvonne Arvanitis Fossati and Stacy Gross and Exhibits thereto, Notice of No Related Cases, Corporate Disclosure Statement]<br><br>Complaint Filed: July 14, 2016<br>Trial Date:    None Set |

**PLEASE TAKE NOTICE** that Defendant APPLUS RTD USA SERVICES, INC. ("Defendant"), hereby removes to this Court the state court complaint described below and invoke this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332 and 1441(a) as follows:

1.     On July 14, 2016, a Complaint for Damages (hereinafter "Complaint") was filed in the Superior Court of the State of California, County of Kern entitled *Dustin Newby v. Applus RTD USA Services, Inc. Does 1 through 100.*, Case No. BCV-16-101601

("Complaint"), which sets forth the following causes of action: (1) Disability Discrimination in Violation of the Fair Employment and Housing Act ("FEHA"); (2) Disability Discrimination in Violation of the Unruh Civil Rights Act; (3) Failure to Accommodate in Violation of FEHA; (4) Retaliation in Violation of FEHA, Gov. Code Section 12940(h); (5) Violation of Cal. Labor Code Section 233; (6) Retaliation in Violation of FEHA, Gov. Code Section 1102.5; (7) Failure to Pay Overtime Wages in Violation of Labor Code Section 510; and (8) Failure to Timely Provide Rest and Meal Breaks in Violation of Labor Code Sections 226.7 and 512. A true and complete copy of Plaintiff Dustin Newby's ("Plaintiff") Complaint and other related court documents received by Defendant is attached as Exhibit "**A**" to the Declaration of Yvonne Arvanitis Fossati ("Fossati Decl."), ¶ 2.

2. On July 20, 2016, Defendant was served with Plaintiff's Summons and Complaint. [Fossati Decl., ¶ 2].

3. On August 18, 2016, Defendant filed its Answer to the Complaint in state court, making a general denial as permitted by California Code of Civil Procedure §431.30(d), and asserting various affirmative defenses. A true and correct copy of Defendant's Answer is attached as Exhibit "**B**" to Fossati Decl., ¶ 3.

4. Exhibits A and B constitute all the pleadings that have been filed in this action as of the date of the filing of this Notice of Removal.

5. This Notice of Removal has been filed within thirty (30) days after Defendant was deemed served with a copy of the Complaint upon which this action is based. *See Murphy Bros., Inc. Michetti Pipe Stringing, Inc.* (1999) 526 U.S. 344, 353 (service of process is the official trigger for responsive action by a named defendant). This Notice of Removal is therefore filed within the time period provided by 28 U.S.C. §1446(b).

6. In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies a copy of this Notice of Removal and all supporting pleadings will be promptly served on Plaintiff's counsel and filed with the Clerk and the Kern County Superior Court. Therefore,

1  all procedural requirements under 28 U.S.C. § 1446 have been satisfied.

## DIVERSITY OF CITIZENSHIP

7. Diversity jurisdiction exists where there is diversity of citizenship between the parties at the time the lawsuit is filed. *Grupo Dataflux v. Atlas Global Group, LP* (2004) 541 U.S. 567, 571.

8. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and domiciled in a particular state. *Kantor v. Wellesley Galleries, Ltd.* (9th Cir. 1983) 704 F.2d 1088, 1090. Persons are domiciled in the places where they reside with the intent to remain or to which they intend to return. *Kanter v. Warner-Lambert Co.* (9th Cir. 2001) 265 F.3d 853, 857.

9. Plaintiff alleges in his Complaint that he was and is an individual residing in the County of Kern, State of California. [¶ 3 of Complaint, attached as Exh. A to Fossati Decl., ¶ 2]. Based on the Complaint, Defendant is informed and believes and based on that belief alleges that Plaintiff is a citizen and resident of the State of California.

10. Pursuant to 28 U.S.C. § 1332(c)(1), a corporate defendant "shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." With respect to ascertaining a corporation's principal place of business for purposes of diversity jurisdiction, the United States Supreme Court has adopted the "nerve center test." *Hertz v. Friend* (2010) 559 U.S. 77, 80-81. Under the nerve center test, a corporation's principal place of business is where a corporation's high level officers direct, control and coordinate the corporation's activities. *Id.*

11. Defendant, at all pertinent times, was and is a corporation established under the laws of the State of Delaware. [Declaration of Stacy Gross ("Gross Decl."), ¶ 3]. Additionally, at all pertinent times, Defendant's principal place of business is Texas because Defendant maintains its corporate headquarters in Sugar Land, Texas. [Gross Decl., ¶ 4]. All nationwide administrative functions and primary executive functions for Defendant operate out of the Sugar Land, Texas headquarters. All officers of Defendant

have offices in, and work out of, the Sugar Land, Texas headquarters. [*Ibid*]. Additionally, Defendant's finance, accounting, tax, payroll, benefits and human resources, all operate out of Defendant's corporate headquarters in Texas [*Ibid*]. As such, Defendant's principal place of business is in Texas. [*Ibid*].

12. Defendant therefore is a citizen of Texas for purposes of diversity of citizenship given its principal place of business. Defendant is also a citizen of Delaware for purposes of diversity given its state of incorporation.

13. Defendant is not aware of any Doe defendants having been served with a copy of the Summons and Complaint. [Gross Decl., ¶ 5; Fossati Decl., ¶ 4]. The citizenship of Doe defendants is disregarded for purpose of removal. 28 U.S.C. § 1441(a).

14. As none of the defendants named in this matter are citizens of California where this action was brought, there is complete diversity allowing removal by non-resident defendants. 28 U.S.C. §§ 1441 *et seq.*; *Getty Oil Corp. v. Insurance Co. of North America* (5th Cir. 1998) 841 F.2d 1254, 1258.

15. For the foregoing reasons, diversity of citizenship has been satisfied.

## AMOUNT IN CONTROVERSY

16. This action also meets the amount in controversy requirement. The removal of cases is authorized by 28 U.S.C. § 1332(a), which, among other factors above, the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. Without admitting that Plaintiff could recover any damages, Defendant asserts that the amount in controversy in this action could exceed $75,000.00, exclusive of interest and costs.

17. In determining whether the amount in controversy exceeds $75,000, the Court must presume the plaintiff will prevail on each and every one of his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter* (C.D. Cal. 2002) 199 F.Supp.2d 993, 1001, *citing Burns v. Windsor Ins. Co.* (11th Cir. 1994) 31 F.3d 1092, 1096 (the amount in controversy analysis presumes that "plaintiff prevails on liability"), *citing also, Angus v. Shiley Inc.* (3rd Cir. 1993) 989 F.2d 142, 146 ("the amount in controversy is not measured

1 by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated"). The argument and facts set forth may appropriately be considered in determining whether the jurisdictional amount in controversy is satisfied. *Cohn v. Petsmart, Inc.* (9th Cir. 2002) 281 F.3d 837, 843, n. 1.

18. The amount in controversy may include general and special compensatory damages and attorneys' fees which are recoverable by statute. *Galt G/S v. JSS Scandinavia* (9th Cir. 1998) 142 F.3d 1150, 1155-56. The Court may examine the nature of the action and the relief sought, and take judicial notice of attorneys' fee awards in similar cases. *See Simmons v. PCR Technology* (N.D. Cal. 2002) 209 F.Supp.2d 1029, 1035 (attorneys' fees in individual employment discrimination cases often exceed damages). Furthermore, such fees are calculable beyond the time of removal. *Id.* at 1035.

19. Punitive damages are also included in calculating the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n* (9th Cir. 1963) 325 F.2d 785, 787; *Aucina v. Amoco Oil Co.* (S.D. Iowa 1994) 871 F.Supp. 332, 334.

20. Where a plaintiff's state court complaint is silent as to the amount of damages claimed, the removing defendant need only stablish that it is more probable than not that plaintiff's claim exceeds the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.* (9th Cir. 1996) 102 F.3d 398, 403-04. That is, a plaintiff's failure to specify in the complaint the amount of damages she seeks does not deprive this Court of jurisdiction. *See, e.g.*, *White v. J.C. Penney Life Ins. Co.* (S.D. W.Va. 1994) 861 F.Supp. 25, 26 (defendant may remove a suit to federal court notwithstanding the failure of plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any plaintiff could avoid removal simply by declining….to place a specific dollar value upon its claim.")

21. In *White v. FCI USA, Inc.*, the court held that it was facially apparent that plaintiff's wrongful termination claim exceeded $75,000 based on her lengthy list of compensatory and punitive damages including loss of pay, impaired earning capacity, and past and future emotional distress combined with a claim for attorneys' fees. *White v. FCI USA, Inc.* (5th Cir. 2003) 319 F.3d 672, 674-76

22. Here, Plaintiff's allegations demonstrate that he seeks damages in excess of $75,000, the jurisdictional requirement of this Court. Indeed, based only Plaintiff's 7th cause of action for Failure to Pay Overtime Wages, Plaintiff's alleged damages exceed $75,000. Plaintiff contends that he earned overtime wages for which he was not paid. Specifically, Plaintiff alleges that during the entirety of Plaintiff's 5 year employment as dispatcher for Defendant, he regularly worked 50 hours a week and was only paid for 40 hours. [¶¶ 10, 11 of the Complaint, attached as Exh. "A" to Fossati Decl., ¶ 2]. Based on Plaintiff's yearly salary of $95,000, his hourly rate was $45.68 ($95,000/52 weeks = $1,827 a week; $1,827/40 hours = $45.68 an hour). At time and a half, Plaintiff's overtime pay was $68.52 (45.68 + $22.84). [¶20 of the Complaint, attached as Exh. "A" to Fossati Decl., ¶ 2]. Since Plaintiff is seeking payment for unpaid overtime for 5 years, his alleged damages in this regard amount to approximately $178,152.00, exclusive of penalties and interest. ($68.52 x 10 hrs. of overtime a week = $685.20; $685.20 x 52 weeks a year = $35,630.00; $35,630.00 x 5 years = $178,152.00.) As such, the action meets the amount of controversy requirement.

23. Moreover, in his Prayer, Plaintiff seeks lost wages and overtime wages, general and compensatory damages and penalties, punitive damages, attorney fees, costs, and prejudgment interest. [Prayer, ¶¶ 1-7, attached as Exh. A to Fossati Decl., ¶ 2].

24. Plaintiff's attorney, Arnold P. Peter has been admitted to practice in California for almost thirty years. *See* California State Bar Website for their information. http://members.calbar.ca.gov/fal/Member/Detail/120091

25. Defendant's attorney, Yvonne Arvanitis Fossati has represented employers in employment litigation for almost twenty four years in California, and is familiar with fees requested by Plaintiff's Counsel in similar actions filed in California and federal courts alleging FEHA violations and related claims. Based on Plaintiff's allegations and Plaintiff's counsel's experience, it would not be unreasonable to expect that Plaintiff's attorneys' fees alone will exceed the sum of $75,000 through trial. [Fossati Decl., ¶ 5].

26. It bears noting that Plaintiff claims he is entitled to punitive damages. [¶¶ 28, 42, 48, 56, 66, 80-84 of the Complaint, attached as Exh. "A" to Fossati Decl., ¶ 2]. In *Aucina v. Amoco Oil Co.*, *supra*, the defendant-employer established the amount in controversy exceeded the jurisdictional minimum where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages. The court noted that the defendant was a Fortune 500 Company, and that "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct" the plaintiff's claim for punitive damages "might alone" exceed the jurisdictional minimum. *Aucina*, 871 F.Supp. at 334.

27. Based on the foregoing, Plaintiff's allegations clearly satisfy the jurisdictional prerequisite for the amount in controversy. In other words, it cannot be said to a legal certainty that Plaintiff would not be entitled to recover the jurisdictional amount. *Anthony v. Security Pacific Financial Services, Inc.* 315 (7th Cir. 1996) 75 F.3d 311; *Watson v. Blankenship* (10th Cir. 1994) 20 F.3d 383, 386-87.

## **DIVERSITY JURISDICTION IS SATISFIED**

28. This action may be removed to this Court by Defendant, pursuant to the provisions of 28 U.S.C. §§ 1332, 1441, *et seq.* and 1446(b), because the action is between citizens of different states and, based on the facts and arguments set forth above, the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

29. The notice of removal was filed within thirty (30) days of July 20, 2016, the date Defendant first received Plaintiff's Complaint. This Notice of Removal is therefore filed within the time period provided by 28 U.S.C. § 1446(b).

30. No other defendants have been named other than Defendant. Therefore, it is not necessary for any other parties to join in this Notice of Removal.

31. Venue of this action lies in the United States District Court for the Eastern District of California pursuant to 28 U.S.C. §§ 1441(a) and 1391(a) because the action was removed from the Superior Court of California for the County of Kern and the Eastern District of California is the judicial district where the state action is pending.

32. For all the foregoing reasons, this Court has original jurisdiction of the Complaint under 28 U.S.C. §§ 1332 and 1441 *et seq*.

WHEREFORE, Defendant prays the above action now pending against it in the Superior Court of the State of California for the County of Kern be removed to this Court. In the event the Court should be inclined to remand this action, Defendant requests that the Court issue an order to show cause why the case should not be remanded, giving Defendant (as well as Plaintiff) an opportunity to present proper briefing and argument prior to any possible remand. Because a remand order is not subject to appellate review, such a procedure is appropriate.

DATED: August 19, 2016                    JACKSON LEWIS P.C.

By: /s/ Yvonne Arvanitis Fossati
Yvonne Arvanitis Fossati

Attorneys for Defendant
APPLUS RTD USA SERVICES, INC.

4839-1815-7623

CASE NO.                              8                        DEFENDANT'S NOTICE OF REMOVAL