# EXHIBIT A

7/20
8:45

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Applus RTD USA Services, Inc.; and DOES 1 through 100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Dustin Newby, an individual

| FOR COURT USE ONLY |
|---|
| *(SOLO PARA USO DE LA CORTE)* |
| FILED |
| SUPERIOR COURT, METROPOLITAN DIVISION |
| COUNTY OF KERN |
| JUL 1 4 2016 |
| TERRY McNALLY, CLERK |
| BY _____ DEPUTY |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* Metropolitan Division <br><br> 1415 Truxton Ave <br> Bakersfield, CA 93301 | CASE NUMBER: <br> *(Número del caso):* <br> **BCV-16-101601**    **SPC** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Arnold Peter; PETER LAW GROUP; 9100 Wilshire Blvd., #880W, Beverly Hills, CA 90212; 310.277.0010

| DATE: <br> *(Fecha)* 7/14/16 | Terry McNally | Clerk, by <br> *(Secretario)* _____ | , Deputy <br> *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* APPLUS RTD USA SERVICES, INC.

     under: ☑ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
            ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
            ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
            ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

| | | |
|---|---|---|
| Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 <br> *www.courtinfo.ca.gov* |

3

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Arnold P. Peter (SBN 120091)
PETER LAW GROUP
9100 Wilshire Blvd., Suite 880W
Beverly Hills, CA 90212
TELEPHONE NO.: 310.277.0010    FAX NO.: 310.432.0599
ATTORNEY FOR (Name): Dustin Newby

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Kern
STREET ADDRESS: 1415 Truxton Avenue
MAILING ADDRESS: same
CITY AND ZIP CODE: Bakersfield, CA 93301
BRANCH NAME: Metropolitan Division

**FOR COURT USE ONLY**

FILED
SUPERIOR COURT, METROPOLITAN DIVISION
COUNTY OF KERN

JUL 14 2016

TERRY McNALLY, CLERK
BY _____ DEPUTY

CASE NAME:
Newby v Applus Rtd USA Services, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder | BCV-16-101601  SPC |
| | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: SIDNEY P CHAPIN |
| | | DEPT: 4 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action (specify): 8
5. This case [ ] is [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: July 12, 2016
Arnold P. Peter
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|

4

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
   *case involves an uninsured*
   *motorist claim subject to*
   *arbitration, check this item*
   *instead of Auto)*

**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or*
   *toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil*
   *harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer*
         *or wrongful eviction)*
   Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally*
   *complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent*
      *domain, landlord/tenant, or*
      *foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
   *drugs, check this item; otherwise,*
   *report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex*
   *case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment *(non-*
      *domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified*
   *above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-*
      *harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified*
   *above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
      Claim
   Other Civil Petition

**CIVIL CASE COVER SHEET**

ELECTRONICALLY RECEIVED     7/14/2016 12:10:07 PM

Arnold P. Peter (SBN 120091)
apeter@peterlawgroup.com
PETER LAW GROUP
9100 Wilshire Boulevard, Suite 880 West
Beverly Hills, California 90212
T: (310) 277-0010
F: (310) 432-0599

Attorneys for Plaintiff
DUSTIN NEWBY

NOTICE OF ASSIGNMENT AND
CASE MANAGEMENT CONFERENCE
Assigned to   SIDNEY P CHAPIN   for all purposes.
Hearing Date:   1 -10 -17
Time:   8 :00 AM
Department:   4
See CRC Rule 3.720 Et. Seq

FILED
SUPERIOR COURT, METROPOLITAN DIVISION
COUNTY OF KERN

JUL 1 4 2016

TERRY McNALLY, CLERK
BY _____ DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF KERN

DUSTIN NEWBY, an individual,

　　　　　Plaintiff,

　　v.

APPLUS RTD USA SERVICES, INC.; and DOES
1 through 100,

　　　　　Defendants.

**UNLIMITED CIVIL ACTION**

Case No.:  BCV-16-101601   SPC

**COMPLAINT FOR DAMAGES**

1. Disability Discrimination in Violation of
   the Fair Employment & Housing Act
   (FEHA), Gov. Code § 12940 *et seq.*
2. Disability Discrimination in Violation of
   the Unruh Civil Rights Act, Cal. Civ. Code
   §51.5(a)
3. Failure to Accommodate in Violation of
   FEHA, Gov. Code § 12940(m)
4. Retaliation in Violation of FEHA, Gov.
   Code § 12940(h)
5. Violation of Cal. Lab. Code § 233
6. Retaliation in Violation of FEHA, Gov.
   Code § 1102.5(b)
7. Failure To Pay Overtime Wages In
   Violation Of Labor Code §510
8. Failure To Timely Provide Rest And Meal
   Breaks In Violation Of Labor Code §226.7
   And §512

**Jury Trial Demanded**

1

**COMPLAINT FOR DAMAGES**

1 COMES NOW DUSTIN NEWBY ("Plaintiff"), and for counts against APPLUS RTD USA

2 SERVICES, INC. ("Defendant" or "Applus") and DOES 1 through 100, alleges as follows:

## JURISDICTION AND VENUE

### (Applicable to All Causes of Action)

1. Personal and subject matter jurisdiction is proper in this Court because Defendant Applus conducts business and all of Defendant's alleged wrongful acts, injury and transactions upon the Plaintiff occurred in the County of Kern, State of California.

2. Venue is proper in this Court insofar as Defendants regularly conduct business in the County of Kern. Venue is further proper in this court insofar as all the wrongful acts, injury and transactions all occurred in the County of Kern, State of California.

## THE PARTIES

3. Plaintiff, Dustin Newby, is now and, at all times mentioned in this complaint, was an individual residing in the County of Kern, State of California.

4. Defendant Applus is a non-destructive testing service provider headquartered in Texas. Applus is organized as a corporation under the laws of the State of Texas and is registered to and doing business in the State of California.  Applus is an "employer" within the meaning of the Fair Employment & Housing Act ("FEHA"), Gov. Code § 12940 *et seq.*

5. At all times herein relevant, Plaintiff was employed by Applus and DOES 1-100, inclusive, and each of them, which are employers within the meaning of California Labor Code and Industrial Welfare Commission applicable wage orders.

6. Plaintiff is ignorant of the true names and capacities of the Does Defendants and therefore sue them by fictitious names. Plaintiff will amend this complaint to allege the true names and capacities of DOES 1-100 when ascertained.  Plaintiff is informed and believes, and thereon alleges, that each of these fictitiously named Defendants designated as DOES 1-100 is responsible in some manner for the events and happenings alleged herein and thereby legally caused injuries and damage to Plaintiff.

7. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, each of Defendants herein was the agent and employee of each of the remaining Defendants and at all times was acting within the purpose and scope of such agency and employment, and with the

PETER LAW GROUP
9100 WILSHIRE BOULEVARD, SUITE 880 WEST
BEVERLY HILLS, CALIFORNIA 90212

**COMPLAINT FOR DAMAGES**

1    permission and consent of his/her/its co-defendants with knowledge, authorization, permission,

2    consent and/or subsequent ratification and approval of each co-Defendants.

3  8. Plaintiff is are informed and believe, and thereon alleges, that at all times herein mentioned, each

4    Defendant was acting in a supervisorial or managerial capacity and in the course and scope of

5    such agency and/or employment with the permission and consent of said co-Defendants and

6    acted with the power to bind Defendants and each of them to the acts of said individuals, said

7    acts having thereafter been ratified by Defendants, and each of them.

## FACTS COMMON TO ALL CAUSES OF ACTION

9. Plaintiff was hired by Valley Industrial X-Ray on August 15, 2001 as a technician. After

Defendant purchased Valley Industrial X-Ray in April 2010, Plaintiff was promoted to a

dispatcher position in May 2010. As a dispatcher, Plaintiff's duties consisted of scheduling or

dispatching workers, work crews, and equipment to appropriate locations, according to customer

requests, specifications, or needs. Plaintiff's duties also consisted of conferring with customers to

address questions, problems, or requests for service or equipment and preparing daily work and

run schedule. Throughout his five years as dispatcher, Plaintiff developed successful working

relationships with his clients.

10. During the entirety of Plaintiff's employment as dispatcher, Defendants required Plaintiff to

regularly work more than 8 hours in one day and 40 hours in one week.  In other words, Plaintiff

worked more than 50 hours a week despite the fact that his pay was based on 40 hours of work a

week. Plaintiff was not compensated for any overtime that he worked.

11. On or about February 2015, management changed at Applus. Plaintiff was not aware of any new

rules or regulations and continued working in the same manner as before.

12. On or about July 2015, Plaintiff and his wife separated. She and their children moved to Pismo

Beach, located an hour away from Plaintiff's work. Plaintiff brought this to management's

attention and Derrick McCain ("McCain"), Director of BUA West, allowed Plaintiff to leave at

4:30pm on Friday's to be with his children.

13. During this time, Plaintiff attended three counseling sessions regarding his divorce covered by

Defendant's insurance policy. Each session was one and a half hour long. As a result, Plaintiff

PETER LAW GROUP
9100 WILSHIRE BOULEVARD, SUITE 880 WEST
BEVERLY HILLS, CALIFORNIA 90212

3

**COMPLAINT FOR DAMAGES**

took an extra half hour at lunch. These sessions were approved by both management and Human Resources.

14. Over the course of 2015, Plaintiff felt harassed by Gary Zellanack ("Zellanack"), Regional Manager of Applus, on several occasions. Zellanack specifically harassed Plaintiff regarding his lunch breaks, vacation days, and/or when he left early on Fridays. Zellanack would constantly complain to Plaintiff whenever he would schedule his vacation, the same vacation he has taken for the last ten years. Whenever Plaintiff would go to lunch, Zellanack would state, "It's not lunch time yet." Zellanack knew of Plaintiff and McCain's agreement yet he continued to give Plaintiff a difficult time. Plaintiff told McCain of this and McCain reassured him that he would speak to Zellanack. The harassment, however, continued.

15. At one point, Zellanack instructed Plaintiff that he could no longer take his lunch breaks unless another employee was in the office to answer dispatch calls. On numerous occasions, Plaintiff would be the only available employee from 11:00 a.m. until 2:00 p.m. and could not take his lunch break until later in the day. This meant Plaintiff answered phone calls while on his lunch break and because other employees would not provide him with proper messages, if any at all, while he was on his lunch break, Plaintiff felt obligated to work otherwise there would be repercussions. Even while on vacation with his family, Plaintiff would be interrupted with dispatch calls while no other employee was in the office.

16. On August 26, 2015, Plaintiff met with McCain, Zellanack, Jeff Miller ("Miller"), Operations Manager, and Maria Vance, head of Human Resources, to discuss a performance correction complaint. This was the first complaint filed against Plaintiff during his fifteen years of working at the company. During this meeting, Plaintiff's personal life was brought up and he was again questioned about why he needed to leave early on Fridays. When Plaintiff explained, Zellanack stated, "Oh well, that's the job you have. Doesn't mean we leave early." They stated there were numerous complaints filed against Plaintiff yet Plaintiff was never provided with any written performance correction notices nor was he given specific details of these alleged complaints. Plaintiff stated that he had attempted to inform Zellanack of instances where employees were disrespectful towards Plaintiff but Zellanack failed to address or acknowledge them.

PETER LAW GROUP
9100 WILSHIRE BOULEVARD, SUITE 880 WEST
BEVERLY HILLS, CALIFORNIA 90212

9

17. By September 2015, Plaintiff was awarded a letter of recognition for his dedicated service and outstanding performance and an 11% salary increase.

18. On November 3, 2015, while he was on his way home from work, Plaintiff received a telephone call from So Cal Gas, a significant client of Applus, to schedule services. While on the phone with So Cal Gas for 10-12 minutes, an unknown number continuously called Plaintiff. When Plaintiff answered the unknown telephone number, it was a former employee continuously asking to schedule services. Per Applus' rules and regulations, Plaintiff informed the former employee that he could not provide the services in the time he requested and mid-sentence the former employee hung up on Plaintiff. Concerned, Plaintiff contacted Miller and explained the situation to him. Miller reassured Plaintiff that it was nothing to worry about and that Plaintiff "did the right thing." Plaintiff also attempted to contact Zellanack to discuss the matter yet Zellanack never answered Plaintiff's calls. Three days later, on November 6, 2015, Plaintiff was stripped of his duties as a dispatcher because the former employee complained that Plaintiff "was ignoring his phone calls."

19. The following week, Plaintiff met with McCain and Cherie Lucas, Regional Human Resources Supervisor, to discuss the complaint. When Plaintiff spoke loudly due to his known hearing disability, McCain responded, "Maybe working in the office isn't for you if you can't hear." Applus has been aware of Plaintiff's hearing disability for years. Plaintiff's hearing disability has never interfered with his ability to perform most if not all of the essential duties of his job. Plaintiff had never missed work in order to treat his disability. McCain reassured Plaintiff that within 90-180 days, he could have his job back or any other position in the company. McCain stated he would have another meeting to re-evaluate the situation in 60 days. That meeting never took place. Plaintiff asked for McCain to put the 60 day re-evaluation in writing, but McCain never provided a formal letter. In the meantime, Plaintiff was offered a technician position beginning mid-November.

20. Plaintiff's new position paid $30 an hour and was not full time. Plaintiff would work two to three days of the week, at times only for four hours a day. By January 2016, Plaintiff was making roughly $110.00 a week. As a dispatcher, Plaintiff earned $95,000 a year. On one instance,

PETER LAW GROUP
9100 WILSHIRE BOULEVARD, SUITE 880 WEST
BEVERLY HILLS, CALIFORNIA 90212

1    Plaintiff asked McCain if he could work more hours. In response, McCain tossed his paycheck at

2    him and asked, "What do you want me to do about it?"

21. On February 26, 2016, after working a two hour job for the day, Plaintiff took an outside job with

    his friend to compensate for the minimum hours he had worked for Defendant during the week.

    As a result, Plaintiff severely injured his finger and has since been on disability leave. Had he

    been given his dispatcher position as promised or an increase in hours as requested, Plaintiff

    would not have injured himself so severely.

22. Plaintiff exhausted his administrative remedies by obtaining a right to sue letter, a true and correct

    copy of which is attached hereto as Exhibit A.

## FIRST CAUSE OF ACTION

## DISABILITY DISCRIMINATION IN VIOLATION OF THE FAIR EMPLOYMENT &

## HOUSING ACT GOV. CODE §§ 12940 *et seq.*

23. Plaintiff hereby re-alleges and incorporates by reference Paragraphs 1 through 22, inclusive, of

    this Complaint as though set forth in full.

24. Plaintiff alleges discrimination in violation of the Fair Employment and Housing Act ("FEHA")

    as codified in Government Code §§ 12940 *et seq.* against Defendant.  Gov. Code § 12940(a)

    provides that it is an unlawful employment practice for an employer to "discriminate against [a]

    person in compensation or in terms, conditions, or privileges of employment" on the basis of a

    medical condition.

25. Plaintiff is capable of performing all essential duties of his job duties with reasonable restrictions

    or accommodation but Applus demoting Plaintiff because of his medical condition.

26. As a proximate result of Defendants' conduct, Plaintiff has suffered special damages in the form

    of lost earnings, benefits and/or out of pocket expenses in an amount according to proof at the

    time of trial.  As a further direct and proximate result of Defendant's conduct, Plaintiff will suffer

    additional special damages in the form of lost future earnings, benefits and/or other prospective

    damages in an amount according to proof at the time of trial.

27. By reason of the conduct of Defendant herein, Plaintiff has retained attorneys to prosecute his

    claims under the FEHA.  Plaintiff is therefore entitled to recover reasonable attorneys' fees and

PETER LAW GROUP
9100 WILSHIRE BOULEVARD, SUITE 880 WEST
BEVERLY HILLS, CALIFORNIA 90212

PETER LAW GROUP
9100 WILSHIRE BOULEVARD, SUITE 880 WEST
BEVERLY HILLS, CALIFORNIA 90212

1  costs pursuant to Govt. Code § 12965(b), in addition to other damages as provided by law and as

2  alleged herein.

3  28. Defendant committed the acts alleged herein with the wrongful intention of injuring Plaintiff, and

4  in conscious disregard of Plaintiff's rights, in that Defendant constructively terminated Plaintiff in

5  connection to Plaintiff's disability.  Thus, Plaintiff is entitled to recover punitive damages from

6  Defendant.

## SECOND CAUSE OF ACTION

## DISABILITY DISCRIMINATION IN VIOLATION OF THE UNRUH CIVIL RIGHTS ACT
## CAL. GOV. CODE 51.5(a)

29. Plaintiff hereby re-alleges and incorporates by reference Paragraphs 1 through 28, inclusive, of
    this Complaint as though set forth in full.

30. Plaintiff alleges disability discrimination by Defendants in violation of the Unruh Civil Rights
    Act, California Government Code § 51.5(a).  This section states that "no business establishment
    of any kind whatsoever shall discriminate against, boycott, or blacklist ... any person in this state
    on account of any characteristic defined in subdivision (b) or (e) of section 51."  Section (b) of
    section 51 specifically enumerates a person's "medical condition" as a defined characteristic
    which may not be used as the basis for discrimination.

31. Plaintiff is capable of performing most if not all essential duties of his job with reasonable
    restrictions and accommodations; Applus has refused to allow Plaintiff to return to work as a
    Dispatcher. Defendant has additionally refused to provide reasonable accommodations which
    would allow Plaintiff to return to work, despite his desire to do so.

32. Further, section 52(a) provides that "whoever ... makes any discrimination or distinction contrary
    to section 51, 51.5 or 51.6 is liable for each and every offense for the actual damages, and any
    amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of
    three times the amount of actual damage but in no case less than four thousand dollars ($4,000),
    and any attorney's fees that may be determined by the court."

33. As a proximate result of Defendants' conduct, Plaintiff has suffered actual damages in the form of
    lost earnings, benefits and/or out of pocket expenses in an amount according to proof at the time
    of trial, but in no case less than four thousand dollars ($4,000) for each offense.

34. By reason of the conduct of the Defendants herein, Plaintiff has retained attorneys to prosecute his discrimination claims under the Unruh Civil Rights Act. Plaintiff is therefore entitled to recover reasonable attorneys' fees and costs pursuant to section 52(a) in an amount to be determined by the court.

### THIRD CAUSE OF ACTION

### FAILURE TO ACCOMMODATE IN VIOLATION OF FEHA GOV. CODE 12940(m)

35. Plaintiff hereby re-alleges and incorporates by reference Paragraphs 1 through 34, inclusive, of this Complaint as though set forth in full.

36. California Government Code section 12940(m) makes it unlawful "[f]or an employer or other entity... to fail to make reasonable accommodation for the known physical or mental disability of an applicant or employee."

37. At all times relevant to this lawsuit, Plaintiff suffered from a physical disability and medical condition. Plaintiff's condition falls under the definition of "disability" and "medical condition" under California law.

38. Defendant was fully aware of Plaintiff's physical disability and medical condition.

39. At all relevant times during his employment, Plaintiff was otherwise qualified and able to do his job. Plaintiff was able to perform the essential job duties required of him with reasonable accommodations for his physical disability and medical condition.

40. As a proximate result of Defendants' conduct, Plaintiff has suffered special damages in the form of lost earnings, benefits and/or out of pocket expenses in an amount according to proof at the time of trial. As a further direct and proximate result of Defendants' conduct, Plaintiff will suffer additional special damages in the form of lost future earnings, benefits and/or other prospective damages in an amount according to proof at the time of trial.

41. By reason of the conduct of Defendant herein, Plaintiff has retained attorneys to prosecute his claims under the FEHA. Plaintiff is therefore entitled to recover reasonable attorneys' fees and costs pursuant to Gov. Code § 12965(b), in addition to other damages as provided by law and as alleged herein.

PETER LAW GROUP
9100 WILSHIRE BOULEVARD, SUITE 880 WEST
BEVERLY HILLS, CALIFORNIA 90212

13

42. Defendants' actions were willful, malicious, and oppressive, and were committed with the wrongful intent to injure Plaintiff and in conscious disregard of Plaintiff's rights. Thus, Plaintiff is entitled to recover punitive damages from Defendant pursuant to California Civil Code § 3294.

### FOURTH CAUSE OF ACTION

### RETALIATION IN VIOLATION OF FEHA GOV. CODE § 12940(h)

43. Plaintiff hereby re-alleges and incorporates by reference Paragraphs 1 through 42, inclusive, of this Complaint as though set forth in full.

44. Defendants retaliated against Plaintiff by terminating his employment in violation of Gov. Code § 12940(h).

45. As a proximate result of Defendants' conduct, Plaintiff has suffered special damages in the form of lost earnings, benefits and/or out of pocket expenses in an amount according to proof at the time of trial. As a further direct and proximate result of Defendants' conduct, Plaintiff will suffer additional special damages in the form of lost future earnings, benefits and/or other prospective damages in an amount according to proof at the time of trial.

46. By reason of the conduct of Defendant herein, Plaintiff has retained attorneys to prosecute his claims under the FEHA. Plaintiff is therefore entitled to recover reasonable attorneys' fees and costs pursuant to Gov. Code § 12965(b), in addition to other damages as provided by law and as alleged herein.

47. Defendant committed the acts alleged herein with the wrongful intention of injuring Plaintiff, and in conscious disregard of Plaintiff's rights, in that Defendant constructively terminated Plaintiff in connection to Plaintiff's disability. Thus, Plaintiff is entitled to recover punitive damages from Defendant pursuant to California Civil Code § 3294.

### FIFTH CAUSE OF ACTION

### VIOLATION OF LABOR CODE § 233

48. Plaintiff hereby re-alleges and incorporates by reference Paragraphs 1 through 47, inclusive, of this Complaint as though set forth in full.

49. California Labor Code § 233(a) provides that: "Any employer who provides sick leave for employees shall permit an employee to use in any calendar year the employee's accrued and available sick leave entitlement, in an amount not less than the sick leave that would be accrued

PETER LAW GROUP
9100 WILSHIRE BOULEVARD, SUITE 880 WEST
BEVERLY HILLS, CALIFORNIA 90212

14

during six months at the employee's then current rate of entitlement, for the reasons specified in subdivision (a) of Section 246.5." Labor Code § 246.5 (a)(1) provides that "[u]pon the oral or written request of an employee, an employer shall provide paid sick days for the following purposes: Diagnosis, care, or treatment of an existing health condition of, or preventive care for, an employee or an employee's family member.

50. California Labor Code § 233(c) provides that: "An employer shall not deny an employee the right to use sick leave or discharge, threaten to discharge, demote, suspend, or in any manner discriminate against an employee for using, or attempting to exercise the right to use, sick leave to attend to an illness or the preventive care of a family member, or for any other reason specified in subdivision (a) of Section 246.5."

51. California Labor Code § 233(d) provides that: "Any employee aggrieved by a violation of this section shall be entitled to reinstatement and actual damages or one day's pay, whichever is greater, and to appropriate equitable relief."

52. California Labor Code § 233(e) provides that "an employee may bring a civil action for the remedies provided by this section in a court of competent jurisdiction" and that if "the employee prevails, the court may award reasonable attorney's fees."

53. Defendants violated California Labor Code §§ 233(a) and 233(c) by demoting Plaintiff's employment for utilizing his accrued sick leave in order to treat his disability and medical condition.

54. As a proximate result of Defendant's conduct, Plaintiff has suffered special damages in the form of lost earnings, benefits and/or out of pocket expenses in an amount according to proof at the time of trial. As a further direct and proximate result of Defendant's conduct, Plaintiff will suffer additional special damages in the form of lost future earnings, benefits and/or other prospective damages in an amount according to proof at the time of trial.

55. By reason of the conduct of Defendant herein, Plaintiff has retained attorneys to prosecute his claims under Labor Code § 233. Plaintiff is therefore entitled to recover reasonable attorneys' fees and costs pursuant to California Labor Code § 233(e), in addition to other damages as provided by law and as alleged herein.

PETER LAW GROUP
9100 WILSHIRE BOULEVARD, SUITE 880 WEST
BEVERLY HILLS, CALIFORNIA 90212

15

56. Defendant's actions were willful, malicious, and oppressive, and were committed with the wrongful intent to injure Plaintiff and in conscious disregard of Plaintiff's rights. Thus, Plaintiff is entitled to recover punitive damages from Defendant pursuant to California Civil Code § 3294.

### SIXTH CAUSE OF ACTION FOR
### RETALIATION IN VIOLATION OF CALIFORNIA LABOR CODE § 1102.5(b)

57. Plaintiffs re-allege and incorporate herein by reference paragraphs 1 through 56, inclusive, as though fully set forth herein.

58. At all times mentioned herein, California Labor Code § 1102.5 was in effect, and binding on Defendants. California Labor Code § 1102.5 provides that an employer may not make, adopt, or enforce any rule, regulation, or policy preventing an employee from disclosing information to a person with authority over the employee, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.

59. California Labor Code § 1102.5 further provides that an employer may not retaliate against an employee for disclosing information to a person with authority over the employee, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation. California Labor Code § 1102.5 further provides that an employer may not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.

60. Plaintiff complained to Defendant about employees disrespecting Plaintiff and being insubordinate on several occasions to Zellanack. Defendants retaliated against Plaintiff as a result of his complaints.

61. Such actions are unlawful, and retaliatory in violation of section 1102.5, and have resulted in damage and injury to Plaintiff.

62. The above conduct violates California Labor Code § 1102.5 entitling Plaintiff to all available categories of damages

63. By reason of the conduct of Defendant and their directors, executives, officers, employees and

PETER LAW GROUP
9100 WILSHIRE BOULEVARD, SUITE 880 WEST
BEVERLY HILLS, CALIFORNIA 90212

1   agents, Plaintiffs have necessarily retained attorneys to prosecute the within action. Plaintiffs are

2   therefore entitled to reasonable attorney's fees and litigation expenses, including expert witness

3   fees and costs, incurred in bringing the within action.

4  64. As a result of Defendant and each of their actions, Plaintiffs sustained economic damages to be

5   proven at trial. As a further result of Defendant and each of their actions, Plaintiffs suffered

6   emotional distress damages to be proven at trial.

7  65. The conduct of Defendant and their directors, executives, officers, employees and agents as

8   described herein was malicious, and/or oppressive, and done with a willful and conscious

9   disregard for Plaintiffs' rights and for the deleterious consequences of Defendant's actions.

10   Defendant and their directors, executives, officers, employees and agents and supervisors

11   authorized, condoned and ratified the unlawful conduct of the remaining Defendants.

12  66. In light of Defendant's willful, knowing, and intentional conduct against Plaintiffs, Plaintiffs seek

13   an award of punitive and exemplary damages in an amount according to proof.

14                   **SEVENTH CAUSE OF ACTION**

15   **FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF LABOR CODE § 510**

16                    **(Against All Defendants)**

17  67. Plaintiff hereby re-alleges and incorporates by reference Paragraphs 1 through 66, inclusive, of

18   this Complaint as though set forth in full.

19  68. Pursuant to Labor Code section 1194(a) an employee who receives less than the legal overtime

20   compensation is entitled to recover in a civil action the unpaid balance of the full amount of this

21   overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

22   Labor Code section 510 requires employers to pay their non-exempt employees one and one-half

23   times their regular hourly rate for time worked in excess of eight hours in each workday and forty

24   hours in a work week.

25  69. At all times relevant, Plaintiff was non-exempt employee and was entitled to receive overtime

26   pay.

27  70. Plaintiff worked in excess of eight hours per day and forty hours for which she was not paid

28   overtime.

PETER LAW GROUP
9100 WILSHIRE BOULEVARD, SUITE 880 WEST
BEVERLY HILLS, CALIFORNIA 90212

PETER LAW GROUP
9100 WILSHIRE BOULEVARD, SUITE 880 WEST
BEVERLY HILLS, CALIFORNIA 90212

71. By failing to pay Plaintiff overtime wages earned, Defendant violated the aforementioned Labor Codes.

72. As a proximate result of Defendant's violations of the aforementioned Labor Codes Plaintiff is entitled to unpaid overtime wages, interest, and penalties in an amount to be proven.

## EIGHTH CAUSE OF ACTION FAILURE TO PROVIDE MEAL AND REST PERIODS IN VIOLATION OF CALIFORNIA LABOR CODE §§ 226.7 AND 512

73. Plaintiff hereby re-alleges and incorporates by reference Paragraphs 1 through 72, inclusive, of this Complaint as though set forth in full.

74. California Labor Code §§ 226.7 provides: (a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission. (b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

75. Moreover, California Labor Code § 512 provides: An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

76. The applicable IWC Wage Order #1 mandates that employers provide all applicable meal and/or rest periods to employees. The Wage Order also demands the payment of one additional hour of pay for meal periods not taken in conformance with this wage order, and a second hour of pay for rest breaks not taken in conformance with this wage order.

77. By failing to consistently provide uninterrupted and unrestricted meal periods within the first five hours of work, and failure to provide uninterrupted rest periods to its non-exempt personnel, Defendant violated California Labor Code §§ 226.7 and/or 512, and portions of the applicable IWC Wage Order.

78. By failing to pay Plaintiff penalties in accordance with the California Labor Code and applicable wage order, Defendants, and each of them, have violated the aforementioned Labor Codes and wage order.

79. As a proximate result of Defendants' violations of the aforementioned Labor Codes and wage order Plaintiff is entitled to penalties of two hours of pay for each day Plaintiff was not provided break and meal time.

## PUNITIVE DAMAGES ALLEGATIONS

80. Plaintiff hereby re-alleges and incorporates by reference Paragraphs 1 through 79, inclusive, of this Complaint as though set forth in full.

81. As a direct, foreseeable and proximate result of Defendant's conduct, Plaintiff has lost income, promotional and career opportunities, and has suffered other economic losses in an amount to be determined at time of trial.

82. Defendant committed the acts alleged herein maliciously, with the wrongful intention of injuring plaintiff. Alternatively, Defendant's wrongful conduct was carried out with a conscious disregard of Plaintiff's rights.

83. Further, Defendant's wrongful conduct was carried out and ratified by a managing agent; or an officer, a director, or a managing agent of the Company who had advance knowledge of the unfitness of its decision-maker and employed his with a conscious disregard of Plaintiff's rights and/or authorized and/or ratified his conduct.

84. As a result of Defendant's conduct, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with defendant's wrongful acts and sufficient to punish and deter future similarly reprehensible conduct.

PETER LAW GROUP
9100 WILSHIRE BOULEVARD, SUITE 880 WEST
BEVERLY HILLS, CALIFORNIA 90212

14
**COMPLAINT FOR DAMAGES**

19

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

1. For damages in an amount to be proven, including lost wages and overtime wages, general and compensatory damages and penalties in an amount in excess of the minimum jurisdictional limits of this court;

2. For punitive damages in a sum sufficient to deter;

3. For attorney fees as authorized by law;

4. For costs of suit incurred;

5. For prejudgment interest;

6. For such other and further relief as this court may deem just and proper; and

7. Damages in an amount of to be proven at trial.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury in this action of all claims asserted against all Defendants as permitted by law.

Dated: July 14, 2016

PETER LAW GROUP

By: _____
Arnold P. Peter
Attorneys for Plaintiff
DUSTIN NEWBY

PETER LAW GROUP
9100 WILSHIRE BOULEVARD, SUITE 880 WEST
BEVERLY HILLS, CALIFORNIA 90212

# EXHIBIT A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                    DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

**AMENDED**

June 24, 2016

Arnold Peter
9100 Wilshire Blvd., Suite 880W
Beverly Hills California 90212

RE:  **Notice to Complainant or Complainant's Attorney**
DFEH Matter Number: 782073-235257
Right to Sue: Newby / Derrick McCain Applus RTD USA Services Inc.

Dear Complainant or Complainant's Attorney:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing
Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case
Closure and Right to Sue. Pursuant to Government Code section 12962, DFEH will not serve
these documents on the employer.  You or your attorney must serve the complaint.  If you do not
have an attorney, you must serve the complaint yourself. Please refer to the attached Notice of
Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of
California.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets
procedural or statutory requirements.

Sincerely,

Department of Fair Employment and Housing

22



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                        GOVERNOR EDMUND G. BROWN JR.

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758            DIRECTOR KEVIN KISH
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

# AMENDED

June 24, 2016

RE:  **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 782073-235257
Right to Sue: Newby / Derrick McCain Applus RTD USA Services Inc.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of
Fair Employment and Housing (DFEH) in accordance with Government Code section 12960.
This constitutes service of the complaint pursuant to Government Code section 12962. The
complainant has requested an authorization to file a lawsuit. This case is not being investigated
by DFEH and is being closed immediately. A copy of the Notice of Case Closure and Right to
Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

**No response to DFEH is requested or required.**

Sincerely,

Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency          GOVERNOR EDMUND G. BROWN JR.

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

DIRECTOR KEVIN KISH

**AMENDED**

June 24, 2016

Dustin Newby
11513 Mockingbird Court
Bakersfield, California 90212

RE:  **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 782073-235257
Right to Sue: Newby / Derrick McCain Applus RTD USA Services Inc.

Dear Dustin Newby,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective June 24, 2016 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

24



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

GOVERNOR EDMUND G. BROWN JR.

DIRECTOR KEVIN KISH

**AMENDED**

Enclosures

cc:

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

## BEFORE THE STATE OF CALIFORNIA

## DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
### Under the California Fair Employment and Housing Act
### (Gov. Code, § 12900 et seq.)

In the Matter of the Complaint of                    DFEH No. 782073-235257
Dustin Newby, Complainant.
11513 Mockingbird Court
Bakersfield, California 90212

vs.

Derrick McCain  Applus RTD USA Services Inc.,
Respondent.
13131 Dairy Ashford Road, STE 230
Sugar Land, Texas 77478

Complainant alleges:

1. Respondent **Applus RTD USA Services Inc.** is a subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.). Complainant believes respondent is subject to the FEHA.

2. On or around **January 15, 2016**, complainant alleges that respondent took the following adverse actions against complainant: **Discrimination, Harassment, Retaliation Demoted, Denied a good faith interactive process, Denied a work environment free of discrimination and/or retaliation, Denied or forced to transfer, Denied promotion, Denied reasonable accommodation,** .  Complainant believes respondent committed these actions because of their: **Disability, Medical Condition - Including cancer or cancer related medical condition or genetic characteristics** .

3. Complainant **Dustin Newby** resides in the City of **Bakersfield**, State of California.  If complaint includes co-respondents please see below:

DFEH 903-1

-5-
*Complaint – DFEH No. 782073-235257*

Date Filed: June 24, 2016

Date Amended: July 11, 2016

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

**Additional Complaint Details:**

Complainant was harassed, discriminated against, demoted, denied an interactive process to accommodate and denied reasonable accommodation and subjected to a hostile work environment because of his known disability/medical condition (i.e. hearing loss).

DFEH 903-1

-6-

*Complaint – DFEH No. 782073-235237*

Date Filed: June 24, 2016

Date Amended: July 11, 2016

## VERIFICATION

I, Arnold P. Peter, am the Attorney for Complainant in the above-entitled complaint.    I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

On June 24, 2016, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Beverly Hills, California
Arnold P. Peter

DFEH 002-1

-7-
*Complaint – DFEH No. 782073-235257*

Date Filed: June 24, 2016

Date Amended: July 11, 2016



# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF KERN
### BAKERSFIELD COURT
1415 TRUXTUN AVENUE
BAKERSFIELD CA 93301

**FILED**
SUPERIOR COURT, METROPOLITAN DIVISION
COUNTY OF KERN

**JUL 1 4 2016**

TERRY McNALLY, CLERK
BY_____ DEPUTY

PLAINTIFF/PETITIONER:
   DUSTIN NEWBY
DEFENDANT/RESPONDENT:
   APPLUS RTD USA SERVICES, INC.

NOTICE OF ORDER TO SHOW CAUSE
RE: CALIFORNIA RULES OF COURT, RULE 3.110

CASE NUMBER:
BCV-16-101601

*SPC*

## TO PLAINTIFF AND PLAINTIFF'S COUNSEL:

**You are ordered to appear** on **10/27/2016** at **8:30 AM** in Department/Division **Bakersfield Department 4** of the above entitled court to give any legal reason why sanctions shall not be imposed for failure to serve the complaint on all named defendants and file proof(s) of service with the court within sixty (60) days after the filing of the complaint pursuant to California Rules of Court, Rule 3.110. All appearances are mandatory, unless the required proof(s) of service are received by the court five (5) court days prior to the hearing date, and then no appearance is necessary.

Date: July 14, 2016

**TERRY MCNALLY**
CLERK OF THE SUPERIOR COURT

By: _____
   Raquel Sanchez, Deputy Clerk

Notice of Order to Show Cause Re CRC 3.110

Page 1 of 1

1

SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN
ALTERNATIVE DISPUTE RESOLUTION (ADR)
INFORMATION PACKET

Kern County Superior Court encourages, and under certain circumstances, may require parties to try ADR before trial. Courts have also found ADR to be beneficial when used early in the case process. The courts, community organizations and private providers offer a variety of ADR processes to help people resolve disputes without a trial. Below is information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local arbitrator, mediator or neutral evaluator. You may find more information about these ADR processes at www.courts.ca.gov/programs/adr.

## Possible Advantages and Disadvantages of ADR

ADR may have a variety of advantages or disadvantages over a trial depending on the type of ADR process used as well as the particular type of case involved.

Possible Advantages: Saves time; saves money; gives the parties more control over the dispute resolution process and outcome; helps to preserve and/or improve party relationships.

Possible Disadvantages: May add additional time and costs to the litigation if ADR does not resolve the dispute; procedures such as discovery, jury trial, appeals, and other legal protections may be limited or unavailable.

## Most Common Types of ADR

Mediation: A neutral person or "mediator" helps the parties communicate in an effective and constructive manner so the parties can try to resolve their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is generally confidential and may be particularly useful where ongoing relationships are involved, such as between family members, neighbors, employers/employees or business partners.

Settlement Conferences: A judge or another neutral person assigned by the court helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement conference neutral does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different views about the likely outcome of a trial in their case.

Neutral Evaluation: The parties briefly and informally present their facts and arguments to a neutral person who is often an expert in the subject matter of the dispute. The neutral does not decide the outcome of the dispute, but helps the parties to do so by providing them with a non-binding opinion about the strengths, weaknesses and likely outcome of their case. Depending on the neutral evaluation process, and with the parties' consent, the neutral may then help the parties try to negotiate a settlement. Neutral evaluation may be appropriate when the parties desire a neutral's opinion about how the case might be resolved at trial; and, if the primary dispute is about the amount of damages or technical issues, the parties would like a neutral expert to resolve those disputes.

30

Arbitration:  The parties present evidence and arguments to a neutral person or "arbitrator" who then decides the outcome of the dispute.  Arbitration is less formal than a trial, and the rules of evidence are generally more relaxed.  If the parties agree to *binding* arbitration, they waive their right to a jury trial and agree to accept the arbitrator's decision.  With *nonbinding* arbitration, any party may reject the arbitrator's decision and request a trial.  Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time and expense of a trial, or desire an expert in the subject matter of their dispute to make a decision.

**Local ADR Programs**
The Superior Court, County of Kern offers two types of ADR:  Arbitration in cases in which the amount in controversy as to each plaintiff is $50,000 or less; and DRPA mediation services on the day of the hearing, settlement conference or trial.

**Arbitration:**  The Superior Court of California, County of Kern does use Arbitrators in civil cases where the amount in controversy as to each individual plaintiff is $50,000 or less.  The Court may order the parties to Arbitration or the parties may agree to Arbitration any time before the first case management conference statement is filed.
See Local Rule 3.14 at **www.kern.courts.ca.gov/home**.

**Dispute Resolution Program Act (DRPA):**  The Superior Court of California, County of Kern also offers mediation on services in small claims and unlawful detainer, civil harassment, family law and probate matters, and through the Victim Offender Reconciliation Program (VORP) in juvenile court proceeding.  The Court has contracted with the Better Business Bureau (BBB) under the Dispute Resolution Programs Act (DRPA) to provide these mediation services.  For more information about BBB Mediation Services contact **www.bbbmediation.org.**

**ADR Coordinator:**
Although complaints about arbitrators and mediators are rare, the Superior Court of California, County of Kern does provide a complaint procedure in our Local Rules, Rule 3.14.7.  If you have a complaint or a concern with any of this Court's ADR programs, or simply have a question about ADR, please contact the ADR Administrator at ADRAdministrator@kern.courts.ca.gov or 661-868-5433.

**Resources:**
**California Department of Consumer Affairs: www.dca.ca.gov/consumer/mediation_guides**
**Judicial Branch California Courts – ADR: www.courts.ca.gov/selfhep-adr**
**ADR Stipulation and Order Form:**
**www.kern.courts.ca.gov/pdf/ADR/ADRStipulationOrderForm.pdf**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN
### ALTERNATIVE DISPUTE RESOLUTION (ADR)
### INFORMATION PACKAGE

Most civil disputes are resolved without filing a lawsuit and most civil lawsuits are resolved without the necessity of a trial. The courts, community organizations and private providers offer a variety of ADR processes to help people resolve disputes without a trial. Kern County Superior Court encourages, and under certain circumstances may require, parties to try ADR before trial. Courts have also found ADR to be beneficial when used early in the case process.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. You may find more information about these ADR processes at http://www.courts.ca.gov/programs/adr.htm.

<u>Possible Advantages and Disadvantages</u>

ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used as well as the particular type of case involved:

**Possible Advantages:** Saves time; saves money; gives the parties more control over the dispute resolution process and outcome; helps to preserve and/or improve party relationships.

**Possible Disadvantages:** May add additional cost to the litigation if ADR does not resolve the dispute; procedures such as discovery, jury trial, appeals, and other protections may be limited or unavailable.

<u>Most Common Types of ADR</u>

**Mediation:** A neutral person, or "mediator," helps the parties communicate in an effective and constructive manner so the parties can try to resolve their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is generally confidential, and may be particularly useful where on going relationships are involved, such as between family members, neighbors, employers/employees or business partners.

**Settlement Conferences:** A judge or another neutral person assigned by the court helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement conference neutral does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different views about the likely outcome of a trial in their case.

**Neutral Evaluation:** The parties briefly and informally present their facts and arguments to a neutral person who is often an expert in the subject matter of the dispute. The neutral does not decide the outcome of the dispute, but helps the parties to do so by providing them with a non-binding opinion about the strengths, weaknesses and likely outcome of their case. Depending on the neutral evaluation process and the parties' consent, the neutral may then help the parties try to negotiate a settlement. Neutral evaluation may be appropriate if the parties desire a neutral's opinion about how the case might be resolved at trial, if the primary dispute is about the amount of damages, or if there are technical issues the parties would like a neutral expert to resolve.

**Arbitration:** The parties present evidence and arguments to a neutral person, or "arbitrator," who then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are generally more

relaxed. If the parties agree to *binding* arbitration, they waive their right to a jury trial and agree to accept the arbitrator's decision. With *nonbinding* arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time and expense of a trial, or desire an expert in the subject matter of their dispute to make a decision.

## Selecting an ADR Program and Neutral

Selecting an ADR program and neutral are important decisions. Be sure to learn about the rules of any program and the qualifications and required fees of any neutral you are considering. Some programs and neutrals do not charge the parties for their ADR services, but others may charge the parties administrative fees and/or fees for the neutral's time. Information about the various neutrals listed on the court's ADR Panel is available at www.kern.courts.ca.gov/home/civil/civilmediatorpanel. To find a private ADR program or neutral, you may search the internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement or arbitration services.

## Local ADR Programs

Kern County Superior Court has collaborated with the Kern County Bar Association, the Better Business Bureau and community representatives to establish alternative dispute resolution (ADR) programs which comply with legal requirements and provide a high quality of service to the public. The court currently sponsors programs such as arbitration and mediation in general civil cases (limited and unlimited) and may refer cases under $50,000 to mediation under local rules. Kern County Superior Court has also contracted with the Better Business Bureau (BBB) under the Dispute Resolution Programs Act (DRPA) to provide mediation services in small claims, unlawful detainer, civil harassment and probate matters. The services of the BBB are also available to the public whether or not a lawsuit has been filed. Other programs, similar to those existing in other California counties, are being investigated for their feasibility in Kern County. One such program is the Victim Offender Reconciliation Program (VORP) in juvenile court proceedings. More information about BBB Mediation Services is available at www.bbbmediation.org , or call toll free 800-675-8118, ext. 300 or 661-616-5252.

Although complaints about ADR neutrals in court programs are uncommon, Kern County Superior Court provides a complaint procedure. If you have a complaint or a concern about a neutral in any of this court's ADR programs, or simply a question about ADR, please contact the ADR Administrator at ADRAdministrator@kern.courts.ca.gov.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California Courts Web Site at www.courtinfo.ca.gov/selfhelp/lowcost.

For questions, please contact: ADR Administrator at ADRAdministrator@kern.courts.ca.gov or (661) 868-4957.
Additional ADR information can be found at www.kern.courts.ca.gov.

C-ADR-100
(Rev. Jan. 24, 2012    ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKET                                    Page 2 of 2

ATTORNEY OR PARTY WITHOUT ATTORNEY (*NAME AND ADDRESS*):    TELEPHONE NO.

ATTORNEY FOR (*NAME*):

SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN
STREET ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF:

DEFENDANT:

FOR COURT USE ONLY

## ADR STIPULATION AND ORDER FORM

CASE NUMBER:

Pursuant to California Rule of Court 3.221(a)(4), the parties and their attorneys stipulate that all claims in this action will be submitted to the following alternative dispute resolution (ADR) process:

- [ ] Court-connected mediation pursuant to Local Rules (no fee or order required when filed within 10 days of Case Management Conference)
- [ ] Private Mediation
- [ ] Neutral Evaluation
- [ ] Binding Arbitration
- [ ] Referee/Special Master
- [ ] Settlement Conference with Private Neutral
- [ ] Non-binding Judicial Arbitration pursuant to CCP1141.10 et seq., and applicable Rules of Court
- [ ] Discovery will remain open until 30 days before trial
- [ ] Other _____

It is also stipulated that: _____ (name of individual neutral, not organization) has consented to and will serve as _____ (neutral fuction/process) and that the session will take place on _____ (enter a FIRM date) and that all persons necessary to effect a settlement and having full authority to resolve the dispute will appear at such session.

Date: _____

On behalf of Plaintiffs

_____          _____
(Type or print name)                                          (Signature)

On behalf of Defendants

_____          _____
(Type or print name)                                          (Signature)

**Attach additional signature pages if needed**
KG ADR-101 (Mandatory)
Page 1 of 2
(Rev. 2/2012)

34

## ADR STIPULATION AND ORDER FORM

ORDER:

Case Number: _____

☐ The ADR process is to be completed by _____
                                                             (date)

☐ The Case Management Conference currently set for _____
                                                             (date)

20_____, at _____a.m./p.m. in Department _____
            ☐ is hereby vacated
            ☐ is not hereby vacated

☐ Mediation Status Review

☐ Case Status Review
   re: _____

☐ Final Case Management Conference
   is set for _____, 20_____ at _____a.m./p.m.
   in Department _____

☐ Judicial Arbitration Order Review Hearing will be set by notice upon assignment of the arbitrator.

It is so ordered.

_____          _____
       Date                        Judicial Officer of the Superior Court