# EXHIBIT B

Sarine C. Sahatjian (SBN 205595)
sahatjis@jacksonlewis.com
Melissa L. Yen (SBN 272031)
Melissa.yen@jacksonlewis.com
JACKSON LEWIS P.C.
725 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5408
Telephone: (213) 689-0404
Facsimile: (213) 689-0430

Attorneys for Defendant
APPLUS RTD USA SERVICES, INC.

FILED
SUPERIOR COURT, METROPOLITAN DIVISION
COUNTY OF KERN

AUG 1 8 2016

TERRY McNALLY, CLERK
BY_____ DEPUTY

ENDORSED

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF KERN

**FILED BY FAX**

| | |
|---|---|
| DUSTIN NEWBY, an individual,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>APPLUS RTD USA SERVICES, INC.; and DOES 1 through 100,<br><br>　　　　Defendants. | Case No. BCV-16-101601<br><br>[Assigned for all purposes to the Honorable Sidney P. Chapin, Dept. 4]<br><br>**DEFENDANT APPLUS RTD USA SERVICES, INC.'S ANSWER TO PLAINTIFF DUSTIN NEWBY'S COMPLAINT**<br><br>Complaint Filed: July 14, 2016 |

Defendant APPLUS RTD USA SERVICES, INC. ("Defendant") hereby responds to the unverified Complaint ("Complaint") filed by Plaintiff DUSTIN NEWBY ("Plaintiff") as follows:

### GENERAL DENIAL

Under the provisions of Section 431.30(d) of the Code of Civil Procedure, Defendant generally and specifically denies each and every allegation contained in the unverified Complaint, and each cause of action alleged therein, and denies that Plaintiff was injured or damaged as alleged, or at all.

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

1.　The Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

2. The Complaint as a whole, and each purported cause of action alleged therein, is barred in whole or in part by the applicable statute of limitations including, but not limited to, California Government Code Section 12965.

## THIRD AFFIRMATIVE DEFENSE

(Failure to Exhaust Administrative Remedies)

3. Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to exhaust administrative remedies under California Labor Code sections 98-98.2; California Government Code section 12960 and 12965.

## FOURTH AFFIRMATIVE DEFENSE

(Laches)

4. Plaintiff's Complaint, and each purported cause of action therein, is barred by the doctrines of laches, estoppel, waiver and unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

(Reasonable Care)

5. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendant exercised reasonable care to prevent and correct promptly any alleged harassing, discriminatory or retaliatory behavior.

## SIXTH AFFIRMATIVE DEFENSE

(Managerial Immunity)

6. Any injuries Plaintiff allegedly sustained as a result of any action by a management employee of Defendant are barred by the doctrine of managerial immunity.

## SEVENTH AFFIRMATIVE DEFENSE

(Valid Business Reasons)

7. Any recovery on Plaintiff's Complaint is barred because Defendant's conduct was privileged and/or justified under California law and for valid business reasons.

## EIGHTH AFFIRMATIVE DEFENSE

(Legitimate, Non-Discriminatory Business Reasons)

8. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because, assuming arguendo that discriminatory reasons had been a motivating factor in any employment decisions toward Plaintiff, Defendant would have made the same employment decisions toward Plaintiff in any case for legitimate, non-discriminatory business reasons.

## NINTH AFFIRMATIVE DEFENSE

(Avoidable Consequences Doctrine)

9. Although Defendant denies that it has committed or has responsibility for any act that could support the recovery of damages in this lawsuit, to the extent Plaintiff alleges violations of the California Fair Housing and Employment Act, which Defendant denies, Plaintiff is barred from recovering any damages under the avoidable consequences doctrine. Defendant took reasonable steps to prevent and correct workplace discrimination and harassment, Plaintiff unreasonably failed to utilize the available preventive and corrective measures, and reasonable use of such preventive and corrective measures would have prevented at least some of the harm Plaintiff allegedly suffered. See, *State Dept. of Health Services v. Superior Court of Sacramento County* (McGinnis) (2003) 31 Cal.4th 1026.

## TENTH AFFIRMATIVE DEFENSE

(After Acquired Evidence)

10. To the extent discovery may disclose information which could serve as a basis for the termination of Plaintiff's employment, Plaintiff is barred from recovery by the doctrine of after-acquired evidence, or the doctrine of after-acquired evidence limits and reduces Plaintiff's alleged damages.

## ELEVENTH AFFIRMATIVE DEFENSE

(Failure To Use Ordinary Care and Diligence)

11. Defendant is informed and believes and thereon alleges that any recovery on Plaintiff's Complaint, or on each purported cause of action alleged therein, is barred by California Labor Code Sections 2854 and 2856 in that Plaintiff failed to use ordinary care and diligence in the performance of his duties and failed to comply substantially with the reasonable directions of his employer.

## TWELFTH AFFIRMATIVE DEFENSE
### (At-Will)

12. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because Plaintiff's term of employment was for an unspecified duration and therefore pursuant to Labor Code § 2922, terminable at will, with or without cause, in Defendant's sole discretion.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Contributory Fault)

13. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part by Plaintiff's own contributory and/or comparative fault.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Workers' Compensation Exclusivity)

14. Plaintiff's claim for intentional infliction of emotional distress is barred by the exclusive remedy provisions of the California Workers' Compensation Act, Labor Code section 3200., et seq.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Conduct Not Willful)

15. Plaintiff's claims are barred, in whole or in part, and/or recovery is precluded because Defendant's conduct was not willful.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Not Willful)

16. Plaintiff's claim for waiting-time penalties under Labor Code Section 203 is barred, in whole or in part, because Defendant's conduct was not willful.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Plaintiff Received All Income)

17. Plaintiff's Complaint and each alleged cause of action is barred, in whole or in part, because Plaintiff has received all income, compensation and pay for all to which he has ever been entitled.

### EIGHTEENTH AFFIRMATIVE DEFENSE

(Duty To Pay Wages Satisfied)

18. Plaintiff's Complaint, and each purported cause of action alleged therein, is barred in whole or in part because any duty or obligation by Defendant to pay wages, whether contractual or otherwise, which Plaintiff claims is owed to him has been fully performed, satisfied and/or discharged.

### NINETEENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

19. Plaintiff is barred from recovering any damages, or any recovery must be reduced, by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate her alleged damages.

### TWENTIETH AFFIRMATIVE DEFENSE

(Plaintiff was Exempt)

20. Plaintiff's claims are barred, in whole or in part, because Plaintiff was at all times exempt from the provisions of the California Labor Code, the applicable wage orders of the California Industrial Welfare Commission and/or applicable law.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(Offset)

21. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendant is entitled to an offset for any monies Plaintiff received from any source after Plaintiff ceased to be employed by Defendant under the doctrine prohibiting double recovery set forth by *Witt v. Jackson* (1961) 57 Cal.2d 57 and its progeny.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(No Punitive Damages)

22. Although Defendant denies that it has committed or has responsibility for any act that could support the recovery of punitive damages in this lawsuit, if any, to the extent any such act is found, recovery of punitive damages against Defendant is unconstitutional under numerous provisions of the United States Constitution and the California Constitution.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

(Vicarious Liability)

23. Defendant cannot be held vicariously liable for the conduct alleged in the Complaint because the individual(s) who allegedly engaged in the asserted conduct against Plaintiff was acting outside the scope of his employment and/or authority.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Vicarious Liability)

24. Defendant cannot be held vicariously liable for the conduct alleged in the Complaint as Defendant has never adopted, ratified or condoned the conduct alleged by Plaintiff.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Set-Off)

25. Defendant is entitled to a set-off for amounts Plaintiff owes Defendant for receipt of any compensation and other benefits to which he was not entitled and/or did not earn.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Attorneys' Fees and Costs)

26. Defendants have engaged attorneys to represent it in defense of Plaintiff's frivolous, unfounded and unreasonable action, and Defendants are thereby entitled to an award of reasonable attorneys' fees and costs pursuant to California Government Code Section 12965 upon judgment in its favor.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Reservation of Rights)

27. Defendant is informed and believes and thereon alleges that it may have additional, as yet unasserted, defenses to Plaintiff's complaint or the purported causes of action contained therein. Defendant reserves the right to assert additional defenses as deemed appropriate at a later time.

**WHEREFORE**, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by his Complaint;
2. That the Complaint be dismissed in its entirety with prejudice;

3. That Plaintiff be denied each and every demand and prayer for relief contained in the Complaint;

4. For costs of suit incurred herein including reasonable attorneys' fees; and

5. For such other and further relief as the Court deems just and equitable.

DATED: August 18, 2016

JACKSON LEWIS P.C.

By: _____
Sarine C. Sahatjian
Melissa L. Yen

Attorneys for Defendant
APPLUS RTD USA SERVICES, INC.

7

DEFENDANT APPLUS RTD USA SERVICES, INC.'S ANSWER TO PLAINTIFF DUSTIN NEWBY'S COMPLAINT

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF KERN

CASE NAME:   DUSTIN NEWBY V. APPLUS RTD USA SERVICES, INC.

CASE NUMBER:   BCV-16-101601

    I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 725 South Figueroa Street, Suite 2500, Los Angeles, California 90017.

    On August 18, 2016, I served the foregoing document described as:

**DEFENDANT APPLUS RTD USA SERVICES, INC.'S ANSWER TO PLAINTIFF DUSTIN NEWBY'S COMPLAINT**

in this action by transmitting a true copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Arnold P. Peter, Esq.<br>PETER LAW GROUP<br>9100 Wilshire Boulevard, Suite 880 West<br>Beverly Hills, CA 90212<br>Tel.: (310) 277-0010<br>Fax: (310) 432-0599<br>Email : apeter@peterlawgroup.com | Counsel for Plaintiff<br>DUSTIN NEWBY |

[XX]   **BY MAIL**

    [ ]   I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

    [XX]   As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[XX]   **STATE**   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

    Executed on August 18, 2016, at Los Angeles, California.

                                                        Carol Partida

4827-8215-0967,